IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATALY V. GASOVA | : Civ. No. 1:24-CV-2279 |
| Plaintiff, | : |
| v. | : (Chief Magistrate Judge Bloom) |
| INTACT INSURANCE SPECIALTY SOLUTIONS, | : |
| Defendant. | : |

MEMORANDUM OPINION

I. Introduction

This case comes before us on a motion to dismiss filed by the defendant, Intact Insurance Specialty Solutions ("IISS"). (Doc. 4). The plaintiff, Nataly Gasova, claims a breach of contract related to an insurance policy which IISS sold to her. (Doc. 1-3 at 2-3). The case was initially filed in the Dauphin County Court of Common Pleas and then removed to this court. (Doc. 1). IISS then moved to dismiss the complaint, arguing *inter alia* that there is no contract between these parties. (Doc. 4). Gasova has moved to amend her complaint to abandon her breach of contract claim and instead bring claims related to the advertising and sale of the insurance policy. (Doc. 11).

After consideration, we conclude there is no contract between these parties, and that permitting Gasova's desired amendment would be futile. Therefore, we will grant IISS's motion to dismiss, deny Gasova's motion to amend, and close the case.

## II. Background

This controversy relates to an insurance policy sold by IISS to Gasova in September of 2022. (Doc. 1-4 at 2-4). On November 4, 2023, Gasova was involved in an automobile accident while working as a rideshare driver. (*Id.*). In May of 2024, Gasova sued IISS, Uber Technologies Inc., and Farmers Insurance Exchange, alleging all three defendants were liable for a failure to make payments due to Gasova under the policy IISS sold to her, as well as alleging fraud. (*Id.*). Gasova amended the complaint and in her second amended complaint dismissed Uber and Farmers, naming IISS as the sole defendant and alleging breach of contract. (Doc. 1-4 at 41-43). The second amended complaint requested injunctive relief in the form of forbidding IISS from "cutting off" Gasova's lost wage benefits and awarding "reimbursement for all medically related expenses [,]" as well as punitive damages in the amount of $10,000,000. (Doc 1-3 at 3). Gasova also asked the court to order the

United States Department of Justice and the Pennsylvania Department of Insurance to investigate IISS for insurance fraud and false advertising. (*Id.*).

On December 4, 2024, the parties entered into a settlement agreement wherein Gasova released all claims against IISS related to the car accident underlying this case. (Doc. 14-2 at 2-4). On December 31, 2024, IISS removed the case to federal court, claiming diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Doc. 1 at 4-7). On January 7, 2025, IISS moved to dismiss the complaint for failure to state a claim arguing, *inter alia*, that the release foreclosed Gasova's pursuit of her claims in the second amended complaint and that the complaint failed to state a claim as it did not establish there was a contract between the parties. (Doc. 5 at 3). After we granted her an extension of time, Gasova submitted a brief in opposition, as well as a motion to amend her complaint and a proposed third amended complaint. (Doc. 11). IISS argued in response that amendment should be denied as futile because the third amended complaint failed to state a claim. (Docs. 13, 14).

After careful consideration, we will grant the motion to dismiss the second amended complaint, as there has been no showing of a contract

between these two parties. We also conclude that the requested amendment would be futile, as the third amended complaint fails to state a claim, and so we will deny the motion to amend and close the case.

## III. Discussion

### A. Motion to Dismiss – Standard of Review

The defendant has filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) permits the court to dismiss a complaint if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under federal pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court is not required to accept legal

conclusions or "a formulaic recitation of the elements of a cause of action." *Id.; see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

As the Third Circuit Court of Appeals has aptly summarized:

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Iqbal*, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). A court

can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Additionally, if the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination. See *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on any other part of the record when deciding a motion to dismiss. *Jordan*, 20 F.3d at 1261

B. <u>Motion to Amend – Standard of Review</u>

Federal Rule of Civil Procedure 15 permits a party to amend a pleading once as a matter of course, if amended within a particular timeframe, and with either consent of the opposing party or leave of court in all other cases. Fed. R. Civ. P. 15(a). Leave to amend should be freely given "when justice so requires." *Id.* However, the decision to grant a party's request to amend a pleading lies within the discretion of the court. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). A court may deny a party's request to amend if amendment would result in undue delay, is

motivated by bad faith, or would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment is futile if the complaint, as amended, fails to state a claim upon which relief can be granted. *In re Burlington Coat Factory Sec. Litigation*, 114 F.3d 1410, 1434 (3d Cir. 1997) ("In assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6).").

### C. This Case Will be Dismissed.

As mentioned, there are two motions before the court: IISS's motion to dismiss the second amended complaint, and Gasova's motion to amend so that she may file her third amended complaint. (Docs. 4, 11). As explained below, we will grant the motion to dismiss on the grounds that IISS and Gasova have no contractual relationship, and deny the motion to amend as futile, as we conclude the third amended complaint fails to state a claim. Accordingly, the case will be dismissed.

#### 1. The Motion to Dismiss Will be Granted.

In her second amended complaint, Gasova alleges one claim against IISS, breach of contract. Breach of contract has three elements under Pennsylvania law:

> A cause of action for breach of contract must be established by pleading (1) the existence of a contract, including its essential

terms, (2) a breach of a duty imposed by the contract and (3) resultant damages. While not every term of a contract must be stated in complete detail, every element must be specifically pleaded.

*CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999) (citation modified).

To meet the first element, Gasova needs to demonstrate that there is a contract between IISS and herself. She has not done so. In fact, Gasova admits in her second amended complaint that "the insurance contract itself does not even list the plaintiff's name as the policyholder [.]" (Doc 1-3 at 2). IISS has included in their filings a copy of the contract in question, which shows that IISS is not a party to the contract, which names non-party Atlantic Specialty Insurance Company as the insurer. (Doc. 4-7, at 2, 20). It is axiomatic that a "contract cannot legally bind a person or entity which is not a party to the contract." *Gould, Inc. v. Cont'l Cas. Co.*, 585 A.2d 16, 18 (Pa. Super. 1991). Because Gasova has not alleged facts showing there was a contract between these parties, we conclude she has failed to state a claim, and we recommend the court grant the motion to dismiss.[1]

---

[1] While the language of the settlement agreement (doc. 4-6) appears to prohibit Gasova from proceeding on the breach of contract claim, it is not

## 2. The Motion to Amend Will be Denied.

Gasova filed a motion to amend and a third amended complaint alongside her brief in opposition to the motion to dismiss. (Docs. 10-11). Gasova indicated she believes she can amend as a matter of course pursuant to Federal Rule of Civil Procedure 15(a). (Doc. 11 at 1). But while that rule does permit an amendment to the complaint, it permits amendment only under specific circumstances, including that, where the amendment is made in reaction to a responsive pleading such as a motion to dismiss, the plaintiff has "21 days after service" of the responsive pleading to effect amendment. Fed. R. Civ. P. 15(a)(1)(B). IISS served Gasova with its motion to dismiss on January 7, 2025. (Doc. 4-4). Any amendment made in reaction to that motion was therefore due by January 28, 2025. Gasova filed her third amended complaint on April 3, 2025. (Docs. 10-11). IISS objects to the amendment, and as such, Gasova must request leave of the court to amend. Fed. R. Civ. P. 15(a)(2). After

---

clear to us that the settlement agreement can be enforced at this time, as Gasova has suggested the agreement was procured fraudulently, a claim we are obligated to credit when considering enforcement. *See Tiernan v. Devoe*, 923 F.2d 1024, 1032 (3d Cir. 1991). However, because we conclude that the breach of contract claim fails on the merits, we decline to analyze the enforceability of the settlement agreement here.

consideration of her third amended complaint, we conclude that granting Gasova leave to amend would be futile.

Gasova alleges two claims in her third amended complaint: fraudulent misrepresentation and "deceptive business practices" in violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), codified at 73 Pa. Cons. Stat. § 201 *et seq*. (Doc. 11 at 3). The elements of fraudulent misrepresentation in Pennsylvania are:

> (1) a misrepresentation, (2) a fraudulent utterance thereof, (3) an intention by the maker that the recipient will thereby be induced to act, (4) justifiable reliance by the recipient upon the misrepresentation, and (5) damage to the recipient as a proximate result.

*Scaife Co. v. Rockwell-Standard Corp.*, 446 Pa. 280, 285 (1971), *cert. denied*, 407 U.S. 920.

The UTPCPL identifies 21 scenarios that evince "unfair or deceptive acts or practices." *See* 73 Pa. Cons. Stat. § 201-2(4)(i)-(xxi). To allege a violation of that statute, a plaintiff must allege facts corresponding to one of those theories—all of which involve an action taken by the defendant which allegedly violates the UTPCPL. *See id.*; *see also, e.g., Ranalli v. Etsy.com, LLC*, 570 F. Supp. 3d 301, 306-07 (W.D.

10

Pa. 2021) (allegations of a UTPCPL violation must allege facts showing a violation of a specific provision thereof).

Gasova's theory of liability relies primarily on IISS's inaction, alleging that IISS failed to inform her about certain elements of the policy. (Doc. 11 at 3). As discussed above, both claims brought here require Gasova to allege specific action by IISS. Only one sentence in the third amended complaint alleges any action by IISS: "defendant falsely advertised the insurance policy to plaintiff and engaged in deceptive sales practices." (Doc. 11 at 3). The third amended complaint does not allege a misrepresentation occurred, as required for a fraudulent misrepresentation claim, nor identify which portion of 73 Pa. Cons. Stat. § 201-2(4) is alleged to be violated here. We therefore conclude the third amended complaint contains only "threadbare" allegations that fail to state a claim. *See Iqbal*, 556 U.S. at 678.

Accordingly, we recommend the court deny the motion to amend as futile and close the case.

## IV. Conclusion

Accordingly, for the foregoing reasons, the defendant's motion to dismiss (Doc. 4) is GRANTED, the plaintiff's motion to amend (Doc. 11) is DENIED, and we will close the case.

An appropriate order follows.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

Dated: June 26, 2025